

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Babi Kitelonga, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10cv1357(CMH/JFA) |
| | ) | |
| Warden, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

    Babi Kitelonga, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of multiple offenses following a bench trial in the Circuit Court of the County of Henrico, Virginia. By Order dated January 3, 2011, petitioner was directed to file an amended habeas petition within thirty (30) days. Petitioner submitted his amended petition on February 1, 2011. On April 8, 2011 respondent filed a Motion to Dismiss and Rule 5 Answer. Petitioner was given the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), but failed to file any responsive pleading. For the reasons that follow, respondent's Motion to Dismiss must be granted, and petitioner's claims must be dismissed.

## I. Background

    On January 8, 2008, Kitelonga was convicted of two counts of robbery, two counts of abduction, one count of malicious wounding, five counts of use of a firearm during the commission of a felony, and one count of illegally wearing a mask in Henrico County, Virginia. On April 21, 2008 the Court sentenced Kitelonga to 128 years imprisonment. Petitioner appealed, arguing that

(1) the evidence was insufficient to sustain his conviction, (2) the trial court erred when it denied his motion to suppress the illegal seizure of the car, (3) the trial court erred in failing to rule that the abduction charges merged into the robbery indictments, and (4) the trial court erred in denying his motion to reconsider the evidence or set aside the conviction. Brief for Appellant, Kitelonga v. Commonwealth, R. No. 0958-08-2 (Va. Ct. App. Aug. 22, 2008). By Order dated December 11, 2008 the Court of Appeals of Virginia denied Kitelonga's appeal. Kitelonga v. Commonwealth, R. No. 0958-08-2 (Va. Ct. App. Dec. 11, 2008); Resp. Ex. B, ECF No. 12. Kitelonga appealed to the Supreme Court of Virginia, which refused his appeal on April 27, 2009. Kitelonga v. Commonwealth, R. No. 090088 (Va. Apr. 27, 2009).

On April 26, 2010 Kitelonga filed a state writ of habeas corpus in the Circuit Court of Henrico County, raising the following claims:

> (1) A Fourth Amendment violation because Officer McCarthy did not have a reasonable articulable suspicion to justify the traffic stop of the vehicle he was riding in;
>
> (2) Denial of due process and equal protection rights to a fair trial;
>
> (3) His attorney was ineffective "for not suppressing evidence" that Investigator Dorton stated that he recognized Kitelonga's voice;
>
> (4) His attorney was ineffective for not objecting to testimony that the clothing recovered merely was consistent with that worn by one of the robbers;
>
> (5) His attorney was ineffective because his pre-trial and trial preparation was insufficient in depth and breadth.

The Court denied and dismissed the petition on July 6, 2010. Kitelonga v. Diggs, R. No. CL10-1329 (Va. Cir. Ct. July 6, 2010).

Kitelonga did not appeal the circuit court's dismissal of his state habeas petition. Instead, Kitelonga filed a second state petition for writ of habeas corpus in the Supreme Court of Virginia. The Supreme Court of Virginia dismissed the writ as successive under Virginia Code 8.01-654(B)(2)

and as untimely under Virginia Code 8.01-654(A)(2).

Kitelonga filed the instant petition on November 20, 2010,[1] raising the exact claims he raised in his state habeas petition.

## II. This Petition is Time Barred

A federal petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the state judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In calculating the one-year period, however, the time during which properly-filed state collateral proceedings pursued by petitioner were pending must be excluded. See 28 U.S.C. § 2254(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). If the total time elapsed exceeds one year, the federal petition is untimely and must be dismissed, unless petitioner can establish that he is entitled to equitable tolling of the limitations period. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

In the instant case, Kitelonga's conviction became final on July 27, 2009, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari.[2] Between July 27, 2009, the date Kitelonga's conviction became final, and April 26, 2010, the date Kitelonga filed his state habeas petition in the Circuit Court of Henrico County, Virginia, 273 days passed. Between July 6, 2010, the date Kitelonga's state habeas application was denied, and November 20, 2010, the date he filed this federal petition, an additional 137 days of untolled time elapsed. When these days are combined they establish that the instant petition was filed 44 days beyond the one-year

---

[1] A habeas corpus petition submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Kitelonga certified that his petition was placed in the prison mailing system on November 20, 2010. Pet. at 10, ECF No. 1.

[2] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

3

limitations period. Petitioner's successive habeas petition filed in the Supreme Court of Virginia did not continue to toll the one-year limitations period because it was not "properly filed" pursuant to Virginia Code §§ 8.01-654(A)(2) and (B)(2). See Pace v. DiGuglielmo, 544 U.S. 408 (2005). Additionally, petitioner has presented no argument for equitable tolling. Thus, the petition is untimely under §2244(d).

Moreover, while it may be of little comfort to petitioner, he should be aware that even if this petition had been timely filed, all but one of the claims presented still would not be cognizable on the merits because they are also procedurally defaulted. Federal courts may not review procedurally barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989) In this case, petitioner never presented claims (2)-(5) to the Supreme Court of Virginia because he did not raise them on direct appeal and he failed to perfect an appeal from the circuit court's dismissal of his state habeas proceeding. Although petitioner did attempt to raise the claims in a second habeas petition, the Supreme Court of Virginia dismissed the petition as successive and untimely under Virginia Code § 8.01-654(B)(2) and § 8.01(A)(2), respectively. Were the petitioner to now attempt to again raise these claims in a habeas petition they would again be dismissed as both successive and untimely. Furthermore, petitioner is no longer capable of perfecting an appeal from the circuit court's dismissal of his state habeas because Virginia Supreme Court Rule 5:17(a)(1) requires a petition for appeal to be filed within three months after the entry of judgment by the Circuit Court. Therefore, in addition to being time-barred, claims (2)-(5) are also procedurally defaulted.

Accordingly, it is hereby

ORDERED that respondent's Motion to Dismiss (Docket # 10) be and is GRANTED, and the petition for habeas corpus relief be and is DISMISSED WITH PREJUDICE.

This is a Final Order for purposes of appeal. To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For reasons stated in the accompanying

Memorandum Opinion, this Court expressly declines to issue such a certificate.

The Clerk is directed to send of copy of the Memorandum Opinion and this Order to petitioner and to counsel of record for respondent, and to close this civil case.

Entered this ___21st___ day of ___October___ 2011.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia